OPINION OF THE COURT
Dan Lamont, J.
The indictment charges the defendant with two counts of endangering the welfare of a child. The charges are that the defendant between the 1st day of July 1985 and the 24th day *1018 of October 1985, being the parent of two children under 18 years of age, failed and refused to exercise reasonable diligence to prevent them from becoming neglected children.
The District Attorney has requested that these misdemeanor charges be transferred to the Schoharie County Family Court, upon the ground that the processes of the Family Court are appropriate and sufficient.
The applicable statute, Family Court Act § 1014 (b) provides in part as follows: ”[a]ny criminal complaint charging facts amounting to abuse or neglect under this article may be transferred by the criminal court in which the complaint was made to the family court in the county in which the criminal court is located, unless the family court has transferred the proceeding to the criminal court. The family court shall then, upon a hearing, determine what further action is appropriate.” (Emphasis supplied.)
Section 1014 clearly provides a procedural bridge between the Family Court and the criminal court. However, one court has held that the criminal court’s authority to transfer is limited to "complaints” as defined in the Criminal Procedure Law (CPL 180.80), and hence, the filing of a Grand Jury indictment or an information terminates the criminal court’s power to transfer. (People v Edwards, 101 Misc 2d 747 [Crim Ct, NY County 1979].)
This court holds and determines, however, that the words "any criminal complaint” as used in Family Court Act § 1014 (b) should be read more broadly so as to facilitate the transfer of appropriate cases to the Family Court.
The target of the Grand Jury investigation was the defendant’s wife, Pamela Harrington, who was indicted for assault in the first degree and assault in the second degree. The Grand Jury heard testimony that the children’s mother was "overwhelmed” and that the children continually failed to gain weight and failed to thrive. The Grand Jury heard evidence that the two twin boys by four months of age had sustained numerous fractures, in that Richard had sustained a fracture of the upper arm, several broken ribs on each side, a skull fracture, fracture of the left femur and left tibia, and fracture of the clavicle, and Timothy had sustained a fractured left forearm and also had several fractured ribs.
At a time when defendant and his wife were represented by the same attorney, the defendant elected to testify before the Grand Jury and executed a waiver of immunity. (CPL 190.45.) *1019 Upon concluding that competent and admissible evidence before it provided reasonable cause to believe that the defendant committed the misdemeanor offense of endangering the welfare of a child, the Grand Jury could have directed the District Attorney to file a prosecutor’s information in local criminal court. (CPL 190.70 [1].)
Since this court has discretionary authority to dismiss an indictment in furtherance of justice when some compelling factor, consideration or circumstance clearly demonstrates that conviction or prosecution of the defendant upon such indictment would constitute or result in injustice (CPL 210.40), this court determines that by analogy the same criteria should be considered and examined individually and collectively in determining whether to exercise discretionary authority to transfer a criminal case to the Family Court. (See also, CPL 210.43 which contains the same factors for consideration upon a motion to remove a juvenile offender to Family Court.)
a) The defendant’s infant children suffered broken bones at the hands of their mother who has pleaded guilty to assault in the third degree. The defendant was away from home for six days at a time, and a homemaker who visited the home on a weekly basis apparently did not observe any evidence of the injuries.
b) The defendant’s infant children sustained serious injuries, but apparently have not suffered permanent harm. Again, the defendant is charged with failing to exercise reasonable diligence to prevent his children from becoming neglected, not with inflicting the harm himself.
c) The case against defendant’s wife was entirely circumstantial. The evidence that defendant failed to exercise reasonable diligence to discover and/or prevent any abuse or neglect is not only circumstantial, but perhaps speculative.
d) The defendant has no prior criminal history. The defendant has been suspended from his employment as a corrections officer for the State of New York due to the pending indictment.
e) Since the defendant is charged with failing to exercise reasonable diligence, the purpose and effect of imposing upon defendant any jail sentence is certainly debatable. Protection of the children and supervision of the defendant can be accomplished through the Family Court.
f) A removal of this case to the Family Court upon the *1020 grounds that the processes of the Family Court are appropriate and sufficient would have no adverse impact upon the safety and welfare of the community.
g) Considering that the defendant is charged with a misdemeanor that he failed to exercise reasonable diligence to prevent his children from becoming abused or 'neglected children, the removal of the case to the Family Court should not cause any adverse impact upon the confidence of the public in the criminal justice system. Furthermore, the defendant’s wife has pleaded guilty to assault in the third degree, in that she recklessly caused physical injuries to her children, and she will be sentenced to a definite sentence of imprisonment and three years’ probation. This case has been fairly widely publicized, and the public will undoubtedly be made aware of that disposition.
h) Since the alleged victims are not yet one year old, this court cannot ascertain their attitude. From their standpoint, however, it would seem that a criminal conviction and/or sentence of incarceration as to a parent who allegedly failed to exercise reasonable diligence would serve no useful purpose.
i) Where the indictment essentially alleges child neglect, as a misdemeanor, it would seem that the processes of the Family Court are sufficient and appropriate and that a judgment of conviction in criminal court would serve no useful purpose.
Accordingly, pursuant to the request of the District Attorney, and upon this court’s own motion, pursuant to Family Court Act § 1014 (b) and in the interest of justice, this court will exercise its discretion to transfer the criminal charges against Shawn Harrington to the Family Court, County of Schoharie.