OPINION OF THE COURT
Harold Hyman, J.
This is a motion by defendant for summary judgment dismissing the complaint.
In its complaint, plaintiff alleges that on or about June 14, 1982, it entered into a contract with the City of New York for the installation of water mains underground in Bronx County. Plaintiff further alleges that in order to install said water mains it had to have the location of the underground facilities maintained by defendant and that defendant was required pursuant to the Industrial Code of the State of New York (12 NYCRR ch I, subch A) to furnish the location of said facilities but refused to do so despite demand. As a result, plaintiff alleges, it sustained damages in the sum of $100,000.
Defendant’s motion for summary judgment is based on three separate grounds: (1) the complaint fails to state a cause of action in that the Industrial Code does not create a private right of action in favor of excavators for recovery of economic losses caused by an operator’s failure to comply with the requirements of the Code, (2) defendant located its facilities as required by the Code, and (3) plaintiff cannot recover the *1078 damages it seeks. The court will address the threshold issue regarding the private right of action first.
The requirements that an operator, such as defendant, furnish the location of its underground facilities to an excavator, such as plaintiff, in certain situations is part of a statutory scheme found in General Business Law article 36, Labor Law §§ 28-a and 28-b and Industrial Code part 53. The promulgation of Industrial Code part 53 was provided for by Laws of 1974 (ch 818) of the State of New York which amended both the Labor Law and the General Business Law in relation to the regulation of construction, excavation and demolition sites located at or near underground facilities in order to assure safety and prevent damage to public or private property. (12 NYCRR 53-1.1.) The rules and regulations contained in part 53 are designed to implement and carry out the intent of the Legislature in enacting the provisions of General Business Law article 36 and Labor Law §§ 28-a and 28-b, as amended by chapter 818. (Labor Law § 28-a [2].) A violation of any provisions of said rules and regulations is considered a violation of the provisions of General Business Law article 36 and must be handled pursuant to the provisions of section 764 of said statute. (Labor Law § 28-b.)
Plaintiff’s complaint seeks to recover solely on the theory that plaintiff was damaged by defendant’s breach of its statutory obligation to furnish the location of its underground facilities. Assuming, arguendo, the truth of plaintiff’s allegations, plaintiff’s complaint states a cause of action only if a private right of action can be implied from the aforementioned statutory scheme. The court finds nothing in these statutes and regulations to suggest that the Legislature intended such a result.
Whether a private right of action should be implied from a statute which does not expressly provide for it depends upon the intent of the statute. (Trimarco v Klein, 56 NY2d 98, 108; Stoganovic v Dinolfo, 92 AD2d 729, affd 61 NY2d 812.) Where a statutory scheme intended for the protection of a particular class does not expressly provide for civil liability, the court may, in furtherance of the statutory purpose, read in such an intent. (Trimarco v Klein, supra.) The intent of the Legislature in enacting this statutory scheme concerning construction and excavation near underground facilities is clearly expressed in Laws of 1974 (ch 818, § 1) which provides that: "The legislature hereby finds and declares that there is a need to protect underground facilities from destruction or damage, in order to *1079 prevent death or injury to workers and the public, damage to private and public property or loss of essential services to the general public, which need has not been met adequately by existing law. The legislature accordingly further finds it necessary to provide for appropriate notices to operators of underground facilities by persons proposing to excavate near such facilities or to demolish structures near to or containing such facilities; to provide for appropriate notices to operators when underground facilities are damaged; to provide for and encourage the establishment of 'one call’ notification systems wherever feasible; to provide for certain other duties to safeguard life and property; and to prescribe penalties and remedies, including injunctive remedies, for violations of such duties.” Thus, it is clear that the statutory scheme herein is not intended for the protection of the class to which plaintiff belongs. (See, Trimarco v Klein, supra.)
Furthermore, the enforcement of the statutory scheme herein is controlled by General Business Law §764. (Labor Law § 28-b; 12 ÑYCRR 53-1.2.) Section 764 provides for the recovery of a civil penalty in an action prosecuted by the Attorney-General for the failure of an excavator or operator to comply with any provision of article 36 and further provides that an excavator or operator who willfully and knowingly causes or participates in a violation of article 36 is deemed guilty of a violation punishable by a fine. (General Business Law § 764 [1], [3], [4].) Subdivision (5) of section 764 also states that "[n]othing in this act shall impair, limit or reduce the statutory, common law or contractual duties or liability of any excavator excavating or demolishing in the vicinity of underground facilities” while subdivision (7) further provides that if, as a result of the violation of any provision of article 36 by an excavator, "it is necessary that an operator make any repair to or provide new support to an underground facility, the excavator shall be liable to the operator for reasonable costs so incurred.” Despite these rather comprehensive provisions, there is no reference to a civil action by an excavator against an operator as brought by plaintiff herein. The logical inference from this omission is that the Legislature did not intend that such a civil action should be implied under this statutory scheme. (Stoganovic v Dinolfo, supra.) This is consistent with a basic law of statutory construction that the specific mention of one thing implies the exclusion of others. (McKinney’s Cons Laws of NY, Book 1, Statutes § 240.)
Finally, the court notes that General Business Law former *1080 §322-a, which provided that a contractor’s neglect to take specified safety precautionary measures to protect utility facilities encountered in the course of excavation or to give required notification was a misdemeanor, was held not to create a statutory cause of action for owners of underground utility facilities damaged in the course of construction work. (Lizza Indus. v Long Is. Light. Co., 44 AD2d 681.)
The court concludes that no private right of action on behalf of excavators can be implied from the present statutory scheme. Inasmuch as the only cause of action alleged in plaintiffs complaint is based upon a violation of the statutory scheme, the complaint fails to state a cause of action.
Accordingly, defendant’s motion for summary judgment is granted and the complaint is dismissed for failure to state a cause of action. It is not necessary to reach the other bases of defendant’s motion.