■ N. A. ORLANDO CONTRACTING CORP., Appellant, v CONSOLIDATED EDISON CO., Respondent.—In an action to recover damages based on the defendant's failure to furnish the plaintiff with information concerning the locations of certain underground facilities in connection with the plaintiff's contract with the City of New York to replace certain water mains, the plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated February 4, 1986, which granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an excavator and contractor, seeks to recover the value of additional work it performed to locate and protect the defendant utility's gas facilities, said work being required because of the defendant's failure to adequately furnish the plaintiff with the location of its underground facilities in violation of Industrial Code Rule No. 53 (see, 12 NYCRR part 53). The legislative findings contained in Laws of 1974 (ch 818, § 1), which authorized the promulgation of Industrial Code Rule No. 53, clearly demonstrate that the plaintiff is not a member of the class which General Business Law § 764 was

designed to protect *(see, Trimarco v Klein,* 56 NY2d 98; *Stoganovic v Dinolfo,* 92 AD2d 729, *affd* 61 NY2d 812).

Furthermore, the failure of the Legislature to provide a private right of action by which an excavator may sue an operator for the failure to provide information regarding the operator's underground facilities was a matter of legislative design rather than a mere legislative oversight *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 73; *Pajak v Pajak,* 56 NY2d 394). Inasmuch as the only cause of action alleged in the plaintiff's complaint is based upon a violation of the statutory scheme, the complaint failed to state a cause of action and was properly dismissed. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.