(March 10, 1977)

■ In the Matter of PETER DALLIESSI, Petitioner, v JOHN C. MARBACH, as Justice of the Supreme Court of the State of New York, et al., Respondents. —Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit respondents from taking any further proceedings in the Supreme Court, Westchester County, in an action entitled *Vincent Assoc. v Dalliessi,* and cross motion by the respondent Justice to dismiss the proceeding. Cross motion denied. Petition granted, without costs or disbursements, and respondents are prohibited from taking any further proceedings in the Supreme Court, Westchester County, in an action entitled *Vincent Assoc. v Dalliessi.* The action involved herein was commenced in the County Court, Westchester County, and issue was joined on or about July 10, 1973. In August, 1975 plaintiff in that action, Arthur Vincent Associates, Inc., filed a note of issue in the said action in the Supreme Court, Westchester County. On August 22, 1975 petitioner, by letter, notified the clerk of Trial Term, Part 2, of the Supreme Court, and plaintiff, that the action was venued and pending in the County Court. Nevertheless, on December 27, 1976, petitioner was notified that the action would appear on the calendar of the said part of the Supreme Court on January 3, 1977. On the same day, December 27, 1976, petitioner wrote a letter to the clerk of Part 2 and to plaintiff advising them that the action had been brought in the County Court and, therefore, was not properly on the Trial Calendar of the Supreme Court. On January 3, 1977 the parties appeared in Part 2 of the Supreme Court and petitioner objected that the said court had no jurisdiction over the action because it had been brought in the County Court. Mr. Justice Marbach rejected petitioner's objection, stating that the Civil Trial Calendar of the County Court was behind 42 months and that the Supreme Court had jurisdiction over the matter. He set the case down for trial on February 7, 1977. The State Constitution (art VI, § 19, subd a) provides, in relevant part, that "the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department * * * upon a finding that such a transfer will promote the administration of justice." However, this power is limited by an introductory phrase, "as may be provided by law". CPLR 325 sets forth the grounds for removal of cases by the Supreme Court from courts of limited jurisdiction and CPLR 326 establishes the "procedure on removal". CPLR 325 does not authorize a transfer on the grounds set forth by the court herein. Under CPLR 326 (subd [b]), an order of removal is required. No such order appears among the papers in support of this motion. Under the facts herein, the application should be granted. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.