OPINION OF THE COURT
Murray Koenig, J.
The defendant Luz Rodriquez was arraigned on March 14, 1977, upon a felony complaint charging her with assault in the first degree and criminal possession of a weapon in the fourth degree. Following a preliminary hearing on April 14, 1977, the former charge was reduced to the misdemeanor of assault in the third degree. Defendant was tried before this court on November 1, 1977, and a verdict of guilty was returned on both counts.
Defendant now raises two grounds for setting aside her conviction, namely that (1) she was improperly prosecuted under a misdemeanor complaint rather than upon an information and (2) the court failed to apply the correct rule of law with respect to her claim of self-defense.
*646 As to the first issue, CPL 170.65 (subd 1) states: "A defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must, except as provided in subdivision three, be replaced by an information, and the defendant must be arraigned thereon. If the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information” (emphasis added).
In this case, the complaining witness gave sworn testiony at the April 14 preliminary hearing. We hold that this testimony serves as a "supporting deposition” within the meaning of CPL 170.65 (subd 1).
In general terms, a deposition has been defined as "testimony given under oath, pursuant to notice, upon oral or written interrogatories, and with opportunity for cross-examination”. (2 NY Jur, Affidavit, Oath and Affirmation, § 1, p 167, citing Zinner v Meyers & Son, 181 Misc 344.) Clearly this definition is applicable in all respects to the complainant’s testimony.
Furthermore, her testimony would serve CPL 170.65 (subd 1) purposes since it provided the "[n]on-hearsay allegations * * * [which would] establish, if true, every element of the offense charged and the defendant’s commission thereof’, as required by CPL 100.40 (subd 1, par [c]).
Defendant urges that the holdings in People v Weinberg (34 NY2d 429) and various succeeding cases are applicable to this case. However, the facts in this case are clearly distinguishable from those in Weinberg. Weinberg dealt with the question of whether a defendant had waived his right to be prosecuted by an information. The court held that while such a right may be waived, the waiver must be made "knowingly and intelligently”, or the conviction will be reversed and the complaint dismissed.
In this case it is not necessary to analyze whether or not defendant knowingly and intelligently waived the right to be prosecuted by a complaint since she was, in effect, prosecuted under an information, i.e., by conversion of the misdemeanor complaint under CPL 170.65 (subd 1).
Furthermore, this case is also distinguished from the Appellate Term’s recent decision in People v Murillo (NYLJ, April *647 24, 1978, p 6, col 5). In Murillo, unlike the instant case, the original hearsay complaint was never supplemented by a supporting affidavit nor was there a preliminary hearing from which nonhearsay facts could be adduced. The lack of such supporting proof (coupled with the absence of a knowing and intelligent waiver) makes the fact pattern in Murillo significantly different from the facts here.
The second ground raised for setting aside the conviction is defendant’s claim that the court failed to apply the correct rule of law with regard to self-defense under subdivision 1 of section 35.15 of the Penal Law.
Implicit in the court’s finding of guilt in this case was the determination by the court that the People had proved beyond a reasonable doubt the absence of any justification for the assault or weapon possession.
In the case at bar, defendant testified that at no time did she see a knife or weapon in the possession of the complainant during their altercation. At most, she claims to have seen a knife in the hand of a male spectator, although this testimony has been disputed by the complainant.
It does not appear, therefore, that the facts as presented establish any reasonable ground for defendant’s belief, which would justify her claim of self-defense.
For these reasons, defendant’s motion to set aside the verdict of guilty must be denied.