*748 OPINION OF THE COURT
Stanley Gartenstein, J.
The question of first impression presented herein impacts upon the operation of three distinct courts and two separate systems of jurisprudence. It serves as a pointed reminder at this appropriate juncture that our court system is hopelessly fragmented, a situation characterized by unconscionable waste and confusion, underscoring the urgency of consolidation of all courts of original jurisdiction into a single-tier trial court, as urged by the Governor, the Office of Court Administration, and virtually every civic "good government” organization. The issue may be paraphrased: May a local criminal court (viz., the New York City Criminal Court) transfer proceedings to the Family Court where child abuse or neglect is alleged (cf. Family Ct Act, § 1014, subd [b]) after a felony hearing in the Criminal Court wherein probable cause sufficient to hold the defendant for action of the Grand Jury has been found to exist?
The underlying complaint charges that on October 25, 1979, defendant undressed his 14-year-old daughter, inserted his finger into her vagina, and did attempt to insert his penis therein. He stands charged with third degree rape (Penal Law, § 130.25) and endangering an incompetent person (Penal Law, § 260.25). Upon his original arrest and arraignment, bail was set at a figure defendant could not meet and he has been incarcerated throughout all proceedings. Subsequent to arraignment, a felony hearing was held in this court pursuant to CPL 180.10. Defendant was held for action of the Grand Jury, a presentation date was set, and the matter calendared in the Supreme Court for a day certain. Subsequent to those proceedings, defendant moved this court for an order transferring this prosecution to the Family Court pursuant to subdivision (b) of section 1014 of the Family Court Act, which reads as follows: "(b) Any criminal complaint charging facts amounting to abuse or neglect under this article may be transferred by the criminal court in which the complaint was made to the family court in the county in which the criminal court is located, unless the family court has transferred the proceeding to the criminal court. The family court shall then, upon a hearing, determine what further action is appropriate. After the family court makes this determination, any criminal complaint may be transferred back to the criminal court, with or without retention of the proceeding in the family court, or *749 may be retained solely in the family court, or if there appears to be no basis for the complaint, it may be dismissed by the family court.”
The acts alleged in the complaint fall within the statutory definition of child abuse as contained in section 1012 (subd [e], par [iii]) of the Family Court Act.
Inasmuch as defendant has been held for the Grand Jury, the threshold jurisdictional issue centers on the classic relationship between the Criminal Court and Supreme Court, peripheral to the Grand Jury’s constitutional function as the only accusatory instrumentality through which a felony prosecution may be commenced (NY Const, art I, § 6). Thus, while exclusive jurisdiction exists in the Supreme Court for the trial and/or disposition of felony prosecutions, that jurisdiction is activated only upon the action of the Grand Jury notwithstanding the fact that jurisdiction for all prosecutions commenced by arrest without prior indictment, viz., felony, misdemeanor or violation, is vested in the Criminal Court. While this jurisdiction is plenary as to all nonfelony prosecutions, the Criminal Court has also retained the limited traditional investigative function of the Magistrate to determine probable cause sufficient to hold a defendant in custody on a felony subsequent to arrest pending action of the Grand Jury (CPL 180.10, subd 1; People v Jackson, 48 Misc 2d 1026; Pitler, New York Criminal Practice Under the CPL, § 4.30; Staff Comments to Proposed CPL 90.60, cited in Matter of Vega v Bell, 47 NY2d 543, 549). This limited felony jurisdiction is merely a stopgap for the purpose of providing a forum subsequent to arrest and prior to indictment for the holding of a preliminary hearing on the issue of probable cause (CPL 180.10). While the terms of CPL 180.10 mandate a positive duty on the part of the Criminal Court Judge to insure that a hearing is held, that jurisdiction may be cut off abruptly at any time by the filing of an indictment which serves to remove all proceedings to the Supreme Court forthwith. As held by the Court of Appeals in Matter of Vega v Bell (supra, p 549) "the primary purpose of such a hearing and such a procedure is to determine whether there exists reasonable cause to hold a defendant in custody pending action by a Grand Jury * * * It is a preliminary proceeding at which a preliminary determination is made pending a decision by the Grand Jury as to whether there exists probable cause to indict. Once the Grand Jury does act, the determination whether there exist reasonable *750 cause to hold and prosecute a defendant has been made by the Grand Jury itself, the body constitutionally authorized to make that decision * * * hence the need for a felony hearing is obviated. The power of the Grand Jury to indict felons is in no way dependent upon the existence of a prior felony hearing, for the purpose of the felony hearing is simply to temporarily determine the fate of the accused pending Grand Jury consideration. ” (Emphasis added.)
It has been held that notwithstanding the positive mandate to the Criminal Court to assure the conduct of a felony hearing (CPL 180.10), the District Attorney has the option to avoid this hearing by obtaining and filing an indictment (Matter of Friess v Morgenthau, 86 Misc 2d 852). Further, the Grand Jury is not bound by the Criminal Court on the issue of probable cause and "[may] indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner”. (People ex rel. Hirschberg v Close, 1 NY2d 258, 261.)
What emerges most clearly from the foregoing is the unquestioned power of the Grand Jury to forthwith pre-empt the Criminal Court at any time. Notwithstanding the above, we can find no authority for the reverse proposition, that once the Criminal Court has conducted its traditional Magistrate’s investigative function and held for the Grand Jury, it has, by its own act, divested itself of jurisdiction for all purposes. We hold to the contrary, bolstered by the provisions of the CPL divesting the Criminal Court of jurisdiction only upon the actual indictment and ñling thereof (CPL 170.25). According to the literal terms of the statute, it is possible to retain jurisdiction subsequent to indictment, and a number of our colleagues have so ruled informally from the Bench, on the issue of availability of a preliminary hearing, until the indictment is actually filed as required by the CPL. Clearly there is warrant to rule that jurisdiction still exists in this court, subject to being divested by pre-emptive action of the Grand Jury. We so hold.[1]
*751 We move now to statutory construction of subdivision (b) of section 1014 of the Family Court Act, specifically to its initial reference to "[a]ny criminal complaint charging facts amounting to abuse or neglect”. Clearly, the reference to "complaint” as a word of art must be taken in terms of its definition under the CPL as an instrument sufficient to initially secure the defendant’s being held pending a hearing within 72 hours for a felony (CPL 180.80) or pending conversion to an information within 5 days for a misdemeanor (CPL 170.70). The complaint is therefore a stopgap hearsay instrument analogous to the former practice of the "short affidavit” (cf. CPL 170.65; Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, Penal Law, § 170.65, p 54), which must be replaced by an information before a defendant will even be required to plead thereto (CPL 170.65). As a matter of law, this conversion may be effectuated by affidavits (CPL 170.65) or by testimony at a hearing held thereon (People v Rodriquez, 94 Misc 2d 645). Once this conversion has been effectuated, the complaint ceases to exist and is deemed replaced by an information (People v Rodriquez, supra).
In the prosecution at hand, we are constrained to hold, even in the absence of Grand Jury indictment, that the hearing held herein has effectively converted the complaint to an information, thus causing it to cease to exist as such.*
[2] Accordingly, it cannot qualify as a "complaint” as used in the context of subdivision (b) of section 1014 of the Family Court Act.
The motion to transfer proceedings to the Family Court pursuant to subdivision (b) of section 1014 is accordingly denied. In doing so, the court points out that were proposed constitutional amendments addressed to consolidation a reality, not only would this motion be academic, but the entire trifurcated structure herein discussed would never exist — not *752 to mention the waste of a duplicative felony hearing which serves precisely the same function as the Grand Jury. This case could have been heard in one court, by one Judge, in one third of the potential time and at one third the potential cost to the taxpayers. The moral is obvious.

. In view of the apparent attitude of the Court of Appeals to equate the preliminary felony hearing with a removal hearing under the new juvenile offender statutes (see Matter of Vega v Bell, 47 NY2d 543, 549, supra), it is here appropriate to comment on a recent unpublished decision by our colleague, the Honorable Gerald S. Held, in People v Rios (Supreme Ct, Kings County, July 26, 1979, Indictment No. 1495/79) in which an indictment was dismissed as defective because the prosecutor failed to charge the Grand Jury as requested that it could remove the case of a juvenile offender to the Family Court. In that instance the removal to Family Court (n. contd.) *751 would have been a logical corollary of the Grand Jury’s traditional right to charge a lesser degree of a crime which, if not designated under the juvenile offender statutes, could in no event be tried in the criminal courts. In the case of removal of a child abuse case to the Family Court, its jurisdiction would rest solely on the discretion of the Criminal Court removing Judge and on that of the Family Court hearing Judge. Moreover, we have difficulty with our colleague’s reading of CPL 190.71 (subd [b]) on which that holding is based.

. The only other possibility, i.e., return of this prosecution to the Criminal Court by direction of the Grand Jury to be prosecuted as a misdemeanor has not been commented upon specifically inasmuch as the same reasoning holding the complaint to have been converted and hence out of existence, would yield the same result.