*962 OPINION OF THE COURT
Deborah Stevens Modica, J.
The defendant is charged in an information with criminal contempt in the second degree and harassment in the second degree for conduct which occurred on August 25, 1998. It is alleged that such conduct was in violation of an order of protection issued by a Supreme Court Justice presiding over the matrimonial action between the defendant and his wife, the complaining witness.
The defendant now moves to dismiss the accusatory instrument pending before this court based on an order of the Supreme Court presiding over the matrimonial action purporting to transfer and merge the criminal action (Flug, J., order dated Sept. 17, 1998). Defendant alleges that the Supreme Court is a court of “unlimited and illimitable” jurisdiction, empowering it to remove the instant criminal action from the Criminal Court and merge it into the civil matrimonial action. Defendant’s argument fails in several respects. First, contrary to the defendant’s contention, the Supreme Court, at this stage in the criminal action, has no jurisdiction over the criminal action pending before this court. Second, even assuming the jurisdiction of the Supreme Court over this criminal action, no mechanism exists to allow the purported transfer to Supreme Court.
I. JURISDICTIONAL ISSUE
With respect to the defendant’s claim that the Supreme Court’s jurisdiction is absolutely unlimited, that statement is not entirely accurate. For example, the Supreme Court has no jurisdiction over claims against New York State; exclusive jurisdiction of those actions rests totally with the Court of Claims. (See, Kagen v Kagen, 21 NY2d 532, 538 [1968].) In Sohn v Calderon (78 NY2d 755, 766 [1991]), the Court of Appeals concluded that the Supreme Court had no jurisdiction over rent control and rent stabilization disputes. As the Court stated:
“Article VI, § 7 of the NY Constitution establishes the Supreme Court as a court of ‘general original jurisdiction in law and equity (NY Const, art VI, § 7 [a]). Under this grant of authority, the Supreme Court ‘is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed’ [citation omitted], and to that extent its powers are ‘unlimited and unqualified’ [citation omitted].
*963 “However * * * rent-control and rent-stabilization disputes are a modern legislatively created category not encompassed within the traditional categories of actions at law and equity referred to in section 7 (a) of article VI of the NY Constitution [citation omitted] * * *
“Accordingly, the constitutionally protected jurisdiction of the Supreme Court does not prohibit the Legislature from conferring exclusive original jurisdiction upon an agency in connection with the administration of a statutory regulatory program. In situations where the Legislature has made that choice, the Supreme Court’s power is limited to article 78 review, except where the applicability or constitutionality of the regulatory statute, or other like questions, are in issue [citations omitted]” (Sohn v Calderon, supra, at 766-767).
In short, the Legislature encroaches upon the constitutional jurisdiction of the Supreme Court when it purports to give another court exclusive jurisdiction over an action. (See, Nestor v McDowell, 81 NY2d 410 [1993]; Sohn v Calderon, supra, 78 NY2d, at 766-767.) The simple answer to the issue in this case is that Supreme Court’s jurisdiction has in no way been curtailed by the Legislature. The Legislature has not given exclusive jurisdiction of misdemeanors and violations to the Criminal Court. Both the Supreme Court and Criminal Court have concurrent jurisdiction over the prosecution of these offenses. The Legislature has simply adopted a procedural mechanism by which Supreme Court obtains jurisdiction over misdemeanors and violations, namely, by action of the Grand Jury.
Pertinent in this regard is the constitutional provision establishing the jurisdiction of the New York City Criminal Court over the prosecution of offenses not charged by indictment. (See, NY Const, art VI, § 15; see also, NY City Crim Ct Act § 31.) It has long been clear that the intent in our State is that all unindicted misdemeanors are to be tried in the Criminal Court of the City of New York. (See, People v Morganbesser, 57 Misc 2d 678, 679 [Sup Ct, Kings County 1968]; People v Edwards, 101 Misc 2d 747, 749 [Crim Ct, NY County 1979].) Historically, the Supreme Court did not have trial jurisdiction over misdemeanors absent the intervention of the Grand Jury. Under section 22 of the Code of Criminal Procedure, the Supreme Court had preliminary jurisdiction over misdemeanors prosecuted by information, but not trial jurisdiction. The practice under the Code was best summarized by the drafters of the Criminal Procedure Law as follows: “A Supreme Court justice, for example, may, as a magistrate, handle the com *964 mencement of an action involving a misdemeanor or petty offense by receiving an information, issuing a warrant of arrest and arraigning the defendant, but he cannot try the case or convict the defendant. At this stage, he must apparently refer the action to some judge or court authorized to hold a court of special sessions. The Code does not explain how or to whom, and, as indicated, does not contain any clear explanation of which judges in general may sit as courts of general sessions.” (Staff Comment to Proposed NY Criminal Procedure Law § 5.10, at 33 [Thompson Co. 1967].)
Under the Code, therefore, Supreme Court’s power to preside over crimes, particularly misdemeanors, was triggered only by the intervention of the Grand Jury. Likewise, when the Criminal Procedure Law was enacted in 1970 (L 1970, ch 996, § 1, eff Sept. 1, 1971), the Supreme Court’s jurisdiction over misdemeanors was carried over from the Code; this time, however, in clearer language:
“1. Superior courts have trial jurisdiction of all offenses. They have:
“(a) Exclusive trial jurisdiction of felonies; and
“(b) Trial jurisdiction of misdemeanors concurrent with that of the local criminal courts * * *
“2. Superior courts have preliminary jurisdiction of all offenses, but they exercise such jurisdiction only by reason of and through the agency of their grand juries.
“3. Superior court judges may, in their discretion, sit as local criminal courts for the following purposes:
“(a) conducting arraignments * * *
“(b) issuing warrants of arrests * * * and
“(c) issuing search warrants”. (CPL 10.20 [L 1970, ch 996, § 1, as amended by L 1992 ch 815].)
The jurisdiction of the local criminal courts is set forth in CPL 10.30 and reads, in pertinent part, as follows:
“1. Local criminal courts have trial jurisdiction of all offenses other than felonies. They have * * *
“(b) Trial jurisdiction of misdemeanors concurrent with that of the superior courts but subject to divestiture thereof by the later in any particular case.
“2. Local criminal courts have preliminary jurisdiction of all offenses subject to divestiture thereof in any particular case by superior courts and their grand juries.
“3. Notwithstanding the provisions of subdivision one, a superior court judge sitting as a local criminal court does not *965 have trial jurisdiction of any offense, but has preliminary jurisdiction only, as provided in subdivision two.”
As these two sections of the Criminal Procedure Law plainly reveal, Supreme Court’s power to exercise trial jurisdiction over criminal offenses — in particular, misdemeanors — is triggered only by the intervention of the Grand Jury or by the filing of a superior court information. (See also, CPL 210.05.) This principle has also been recognized by the courts (People v Roller, 143 Misc 2d 287, 289 [Crim Ct, Kings County 1989]; People v Edwards, supra, 101 Misc 2d, at 749; People v Miniero, 179 Misc 2d 830 [Posner, J.]) and the Practice Commentaries to CPL 210.05. The Commentaries specifically note that “although superior courts have jurisdiction to try misdemeanors and petty offenses, as well as felonies, this section bars prosecution of those offenses in a superior court where they are charged in an accusatory instrument other than an indictment or a superior court information — e.g., where charged by an information or a prosecutor’s information.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 210.05, at 557.) Since there has been no action by the Grand Jury as to the charges pending before this court, nor has a superior court information been filed, Supreme Court has no jurisdiction over the trial of the offenses in the instant case, which are nonfelonies and over which the Criminal Court does lawfully exercise jurisdiction.
In addition, the consent of the parties to have this case moved to Supreme Court is wholly irrelevant. “A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution” (People v Harper, 37 NY2d 96, 99 [1975]). The Legislature has determined that an indictment by a Grand Jury or the filing of a superior court information are the two procedural mechanisms that give the Supreme Court subject matter jurisdiction over criminal actions. That these two methods are the exclusive paths to the Supreme Court simply does not subvert the unlimited jurisdiction of the Supreme Court as bestowed by our Constitution.
True, the Supreme Court Justice presiding over the matrimonial action could, in her discretion, sit as a local criminal court. (CPL 10.10 [3] [f]; 10.20 [3].) Her jurisdiction, however, would be limited only to arraigning the defendant and setting bail. No plea of guilty would be possible, nor could she preside over his trial. (CPL 10.20 [3].) Here, the defendant has been arraigned and bail has been set. Thus, even were she to exercise her discretion to sit as a local criminal court Judge *966 under CPL 10.20, there are no procedural matters left for Supreme Court to entertain legally. Once again, in answer to the defendant’s argument, the Legislature has not deprived the Supreme Court of jurisdiction in this case and given exclusive jurisdiction to the local Criminal Court. Supreme Court does, indeed, have concurrent jurisdiction with that of the Criminal Court over misdemeanors. Jurisdiction, as always, can only be obtained by following the appropriate procedural mechanism. The procedural mechanism needed here was the intervention of the Grand Jury.* There being no indictment with respect to these charges, Supreme Court simply has no authority to try this case.
II. TRANSFER ORDER
Nor does Supreme Court have the power to transfer the criminal action from Criminal Court to Supreme Court. The Supreme Court cannot purport to transfer a criminal action to itself absent the existence of the requisite accusatory instrument. In addition, “a court * * * which possesses civil as well as criminal jurisdiction does not act as a criminal court when acting solely in the exercise of its civil jurisdiction, and an order or determination made by such a court in its civil capacity is not an order or determination of a criminal court” (CPL 10.10 [7]). Since Supreme Court in this case has issued an order while exercising its civil jurisdiction over the matrimonial action, without the ability to exercise jurisdiction over the criminal action, its order is not a “determination of a criminal court.” Indeed, since the Supreme Court cannot validly exercise jurisdiction in this instance absent an indictment or a superior court information, its order is a nullity. (Matter of Ardis S. v Sanford S., 88 Misc 2d 724 [Fam Ct, Kings County 1976].)
*967 It should, also be noted that the Legislature, in amending the law to provide concurrent jurisdiction over family offenses in both the Criminal Court and the Family Court, declared in the strongest possible language that there were few more prevalent or serious problems confronting New Yorkers than domestic violence, which is “more correctly regarded as criminal behavior” rather than a private matter. (See, Historical and Statutory Notes, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 812, at 180.) Its intent in amending both the Criminal Procedure Law and the Family Court Act concerning family offenses was to declare “that in circumstances where domestic violence continues in violation of lawful court orders, action under the criminal law must remain in place as a necessary and available option.” (See, Historical and Statutory Notes, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 812, at 180.) A clearer statement by the Legislature that the power to prosecute domestic violence is of critical importance makes it clear that it was not the intent of the Legislature to have criminal actions voided and subsumed into a civil action, particularly where the District Attorney, a requisite party to the criminal action and the constitutional officer charged with prosecuting crimes committed within the county, is not a litigant before the Supreme Court in the matrimonial action.
Finally, as noted above, the court is fully aware that the Supreme Court is a court of general original jurisdiction (NY Const, art VI, § 7). It is also true that any limitation on its jurisdiction must be consistent with the provisions of the New York State Constitution. (See, Sohn v Calderon, 78 NY2d 755, supra; Nestor v McDowell, 81 NY2d 410, supra.) Thus, when the Legislature purports to give exclusive jurisdiction of certain actions to a court other than the Supreme Court, such legislation, if it involves an unconstitutional encroachment on the jurisdiction of the Supreme Court, will be struck down. (Paul B. S. v Pamela J. S., 70 NY2d 739 [1987].) As noted, the court concludes that the Legislature has not encroached on the constitutional power of the Supreme Court to exercise trial jurisdiction over a misdemeanor not involving the action of the Grand Jury or a superior court information. Even assuming, however, that Supreme Court does have such trial jurisdiction (see, e.g., People ex rel. Canizio v Superintendent of Kings County Hosp., 10 Misc 2d 40 [Sup Ct, Kings County 1957]), that does not necessarily entail that it has the authority to transfer this instant case to itself, especially absent some legitimate procedural mechanism. For example, the defendant could *968 have tried to divest this court of jurisdiction by moving before a Justice of the Supreme Court and requesting that the District Attorney present the misdemeanor charge to a Grand Jury pursuant to CPL 170.25. An indictment for a misdemeanor, if handed down, would then have given Supreme Court jurisdiction over this action. That motion, however, was never made. Indeed, that Supreme Court plainly has no constitutional authority to order the transfer of a criminal court action to itself is evidenced by article VI, § 19 (a) of the New York State Constitution. That section states, in pertinent part: “As may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice.” Though the constitutional provision arguably gives the Supreme Court the power to transfer this criminal action to itself, this provision is not self-executing. (See, People v Carroll, 3 NY2d 686, 688-690 [1958]; see also, Brown v State of New York, 89 NY2d 172 [1996]; Matter of Dalliessi v Marbach, 56 AD2d 858 [2d Dept 1977].) Given the language “[a]s may be provided by law” in article VI, § 19 (a) of the NY Constitution, it is clear that an act of the Legislature is needed in order for Supreme Court to obtain the power to make such a transfer. With the exception of CPL 170.25, no enabling legislation, to the court’s knowledge, has been enacted. Accordingly, no constitutional authority exists to transfer this action to Supreme Court. (See, Matter of Dalliessi v Marbach, supra.)
Accordingly, no legal reason having been presented to this court requiring the relinquishment of its jurisdiction over this case, the defendant’s motion to dismiss the information, or in the alternative, to transfer the criminal action to Supreme Court pursuant to Supreme Court’s order is denied in its entirety.

 Given the stage of this criminal action, the filing of a superior court information is, most likely, not permissible since a prerequisite to the filing of such accusatory instrument is that the defendant be held over for the action of a Grand Jury. (See, CPL 195.10, 200.15.) Under the Criminal Procedure Law, however, it appears that a defendant may be held for the action of the Grand Jury only when a felony complaint has been filed with the court. (See, CPL 180.10.) Since no felony complaint has ever been filed in this action, Supreme Court arguably could not have obtained jurisdiction over this defendant simply by the filing of a superior court information, even assuming the consent of the District Attorney and the defendant. This, of course, does not preclude the District Attorney from filing a felony complaint, if the charges so warrant, thus setting the stage whereby the defendant may be held over for the action of the Grand Jury. At that point, the defendant could consent to be prosecuted by a superior court information, thereby giving Supreme Court jurisdiction over this action. (Cf., People v Boston, 75 NY2d 585 [1990].)