OPINION OF THE COURT
Robert F. Julian, J.
Relief Requested: Motion by plaintiffs for summary judg *825 ment granting them the relief demanded in the complaint, to wit, relief from a gross receipts assessment. Cross motion by defendant for summary judgment dismissing the complaint.
Question Presented: Does Public Health Law § 2807-d (2) (b) (vi) repeal a tax exemption enjoyed by charitable corporations thus violating article XVI, § 1 of the New York State Constitution?
Holding: Public Health Law § 2807-d (2) (b) (vi) does not repeal a statutorily enacted tax exemption and therefore does not violate article XVI, § 1 of the New York State Constitution. Summary judgment for defendant granted. All other motions and cross motions denied.
Discussion: The plaintiffs are not-for-profit nursing homes doing business in central New York. As licensed residential health care facilities they are hospitals pursuant to section 2801 of the Public Health Law. Each is certified as a skilled nursing facility under the Medicaid program and each is recognized as a charitable entity under section 501 (c) (3) of the Internal Revenue Code (26 USC). The defendant does not dispute the plaintiffs’ not-for-profit, charitable status.
In 2002, the Legislature enacted the Health Care Work Force Recruitment Act of 2002 which was signed into law by the Governor on January 25, 2002. (L 2002, ch 1.) The legislation included an addition to Public Health Law § 2807-d which imposed a six percent assessment on the gross receipts of residential health care facilities (the assessment). (Public Health Law § 2807-d [2] [b] [vi].)[1]
The plaintiffs challenge the assessment as applied to them, alleging that it is in violation of article XVI, § 1 of the New York State Constitution, which provides that tax exemptions extended to the real or personal property of charitable organizations may not be repealed. The plaintiffs claim that by applying the assessment to charitable entities, the statute effectively, but unconstitutionally, repeals one or more exemptions.
The plaintiffs assert that they are exempt from (1) federal income taxation pursuant to section 501 (c) (3) of the Internal *826 Revenue Code; (2) state sales and use taxes pursuant to Tax Law § 1116 (a) (4); (3) state corporate taxes pursuant to Tax Law § 180; (4) state real property taxes pursuant to Real Property Tax Law § 420-a; and (5) state franchise taxes pursuant to Tax Law § 208 and 20 NYCRR 1-3.4 (b) (6). The plaintiffs suggest that the assessment in question is one or another of the listed exempt taxes.
However, the plaintiffs’ core argument, as set forth in their memorandum,[2] is:
—the assessment is a tax;
—the assessment is a tax on plaintiffs’ gross income;
—the income of charitable corporations derived from charitable purposes has long been exempt from New York taxation as a matter of general policy;
—therefore the assessment violates the “Constitutionally protected tax exemptions for Plaintiffs’ real and personal property used exclusively for charitable purposes.”
Plaintiffs seek an order declaring the assessment invalid as to them, enjoining defendant from collecting any funds under the assessment, and directing the defendant to return any monies heretofore collected under the assessment.
The defendant argues that the assessment does not constitute an unconstitutional tax upon the plaintiffs. The defendant maintains that the plaintiffs have failed to show that they are exempt from the assessment, pointing out that article XVI, § 1 of the New York State Constitution does not itself confer any tax exemption but rather specifically states that exemptions from taxation may be granted only by general laws, and may not be repealed as to charities. The defendant argues that even if there is a general state public policy regarding the exemption of charities from taxation, such a policy cannot bestow an unrepealable exemption upon the plaintiffs given the plain language of article XVI, § 1. (Health Servs. Med. Corp. v Chassin, 175 Misc 2d 621 [Sup Ct, Onondaga County 1998], affd 259 AD2d 1053 [4th Dept 1999]; NY Const, art XVI, § 1.) The defendant asserts further that the burden is upon the plaintiffs to show that the tax exemption they claim is clearly granted by statute to satisfy the requirement of article XVI, § 1 of the Constitution. And, such an exemption statute must be strictly construed. The defendant reasons further that the State Legislature did not evidence an intention to exclude nonprofit *827 charitable organizations from the assessment, as it did not specifically include such an exemption when it amended Public Health Law § 2807-d in 2002. Citing Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health (84 NY2d 252 [1994]), defendant argues that if an exemption was omitted, it was intended to be excluded. Defendant further points out that there were exemptions from the assessment that were identified by the Legislature for various specific types of facilities identified in Public Health Law § 2807-d (1) (b); plaintiffs were not within said categories and as a consequence the Legislature did not intend to exempt them. Defendant disputes plaintiffs’ claim that the assessment falls within any category of exempt tax, and denies that the tax is on plaintiffs’ protected “real or personal property” in any event.[3]
We approach this analysis mindful that the legislation in question carries a presumption of constitutionality and that the plaintiffs bear the burden of demonstrating beyond a reasonable doubt that it is unconstitutional. (See, Cook v City of Binghamton, 48 NY2d 323, 330 [1979].) This principle requires us to avoid interpreting a statute in a way that would render it unconstitutional if such a construction can be avoided and to uphold the legislation if any uncertainty about its validity exists (Alliance of Am. Insurers v Chu, 77 NY2d 573 [1991]).
Central to plaintiffs’ core claim that the assessment repeals a time-honored tax exemption, or alternatively a statutory one, is their contention that the assessment is a statutorily prohibited tax on their gross income. (See plaintiffs’ mem at 13ff.) The plaintiffs seek to persuade the court that, in effect, an assessment on gross receipts is a tax on gross income is a corporation income tax is a franchise tax — because plaintiffs are exempt from the franchise tax. (Tax Law §§ 208, 209.) The defendant responds that the franchise tax is a tax imposed on the net income of a business for the privilege of exercising its franchise in this State or in a corporate organized capacity, citing Tax Law § 209 and Osborn Mem. Home Assn. v Chassin (172 Misc 2d 878 [Sup Ct, Westchester County 1996], affd in part and revd in part on other grounds 240 AD2d 143 [2d Dept 1998], appeal dismissed as nonfinal 92 NY2d 919 [1998]). In the Osborn case, the Supreme Court held that the assessment, which was not on gross receipts but rather on gross payments, did not repeal the franchise tax exemption (at 887):
*828 “The plaintiff correctly contends that it is exempt from the franchise tax imposed by Tax Law § 209, which taxes the income of corporations doing business in the State (Tax Law § 209 [9]). That exemption, however, is limited to taxes imposed by article 9-A of the Tax Law and does not prohibit the taxation of the income of corporations under other laws of the State, including the Public Health Law. Accordingly, although the assessment imposed by Public Health Law § 2807-d is a tax on the plaintiffs income, it is not an unlawful tax on a tax-exempt entity, since the plaintiff does not fall within any exemption to the assessment imposed by Public Health Law § 2807-d.”
Osborn and Health Servs. Med. Corp. v Chassin (supra) both stand for the proposition that a specific statutory exemption must be found and shown to have been violated in order to invoke constitutional protection. The holdings of Health Servs. Med. Corp. v Chassin (supra) are decisive in this case. The court wrote (at 627):
“Article XVI, § 1 does not itself confer tax exemption, but provides that exemptions may be granted to charitable institutions by general laws, and, once granted, they cannot be repealed. (Matter of PACER, Inc. v Planning Bd., 217 AD2d 47, 51.) Plaintiff must show the statutory source of the claimed exemption, and, to receive the protection from the repeal afforded by article XVI, plaintiff must show that the Legislature has, by enacting the Public Health Law § 2807-c (2-a) tax, repealed an exemption for real or personal property used exclusively for religious, educational or charitable purposes by a nonprofit charitable organization.”
In asserting their claim here, and to invoke the protection of the repeal prohibition set forth in article XVI, § 1, the plaintiffs are required, as part of their prima facie case, to specifically show “the statutory source of the claimed exemption.” The court in Health Servs. Med. Corp. v Chassin (supra) found that the Insurance Law granted a specific statutory exemption from all state taxes to HMO’s; it also found that the assessment in question was a tax, and it found that the assessment unconstitutionally repealed the exemption provided by article 43 of the Insurance Law. In this case the plaintiffs can point to no provision that exempts a charity from a gross receipts tax or from taxation in general.
*829 Tax Law article 9 requires a corporation to pay a franchise tax based on its entire net income. Entire net income is defined as “total net income from all sources, which shall be presumably the same as the entire taxable income * * * which the taxpayer is required to report to the United States treasury department” (Tax Law § 208 [9] [i]). This is, in turn, for a business, roughly speaking, the receipts from the conduct of its business net the costs of procuring those receipts. “Taxable income” is a very different creature from “gross receipts.”
Both parties effectively concede that the assessment in question is a “gross receipts tax,” without expressly saying so. Plaintiffs claim that the assessment is a tax, and this claim is fully supported by Health Servs. Med. Corp. v Chassin (supra). The defendant states in its memorandum (at 13) that “the Assessment was implemented as a revenue raising measure [a tax] * * * It was implemented on gross receipts * * The plaintiffs write on page 13 of their memorandum: “Here, the State of New York imposed a 6% Assessment on the Gross Receipts of all residential health care facilities * * It is a tax; it is imposed on gross receipts. It is a “gross receipts tax.” Plaintiffs cannot prevail because there is no statutory prohibition on the imposition of a gross receipts tax.
Because this is a “gross receipts” tax, the plaintiffs’ reliance on People ex rel. Alpha Portland Cement Co. v Knapp (230 NY 48, 60 [1920], cert denied 256 US 702 [1921]) is misplaced and countervailing, as that case construes a franchise tax as being the equivalent of an income tax, since it is imposed on “net income,” and not upon “gross receipts.” Hence, consistent with Alpha Portland Cement Co. (supra), the assessment in this case is not a franchise tax and the plaintiffs cannot claim that exemption or argue that it is being repealed by the assessment.
In a footnote plaintiffs argue in the alternative: if this is not a franchise tax, then it is a sales tax, from which they are likewise exempt. Defendant asserts that the assessment is imposed upon gross receipts received for “patient care services and other operating income” (Public Health Law § 2807-d [2] [b] [vi]). Citing Tax Law § 1105, defendant asserts a sales tax must be paid upon “every retail sale of tangible personal property” (Tax Law § 1105 [a]), or upon the sale of certain services. (Tax Law § 1105 [b], [c], [d], [e].) Defendant asserts that the provision of health services is not listed as one of the services which is subject to sales taxation. Furthermore, the challenged tax is not payable by the purchaser (though collected and paid over by the seller) as a sales tax is. In this argument the *830 plaintiffs are claiming exemption from a tax which is not imposed upon them.
We now turn to the plaintiffs’ argument that the income of charitable corporations derived from their charitable activities is and has long since been exempt from New York taxation as a matter of general policy, and that this tax violates that policy and violates an inferred constitutional policy against the taxation of charitable corporations.
Article XVI, § 1 of the New York State Constitution requires that “[e]xemptions from taxation may be granted only by general laws.” Article IX, § 3 (d) (1) of the NY Constitution defines “General Law” as “[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.” Pursuant to article III, § 1, and article IV, § 7 of the NY Constitution, and the sections of McKinney’s Consolidated Laws of NY, Book 1, Statutes, cited in the following excerpt, a general law is a law enacted by the State Legislature and signed by the Governor:
“Generally, the procedure to be followed in enacting laws is laid down by the Constitution, and within this framework the Senate and Assembly may determine the rules of their own proceedings.” (Statutes § 11.)
“A statute is an act of the Legislature declaring, commanding or prohibiting something.” (Statutes § 1.)
“Statutes may be classified according to the scope of their operation or according to their nature.” (Statutes § 31.)
“As general law is one which extends to the entire state and embraces all of a particular class, whether persons or things.” (Statutes § 32 [b].)
“In order for a statute to constitute a valid general law as embracing all persons or things of a given class, the classification must be reasonable and must not amount to a mere subterfuge to evade constitutional restrictions upon the passage of special laws.” (Statutes § 32 [c].)
Indeed, as cited by plaintiff, the Report of the Committee on Taxation for the Constitutional Convention of 1938 acknowledges that the granting of exceptions from taxation is a “legislative power.” (Report of Comm on Taxation for Constitutional Convention of 1938, at 2 [as cited in plaintiffs’ mem of law].)
The court cannot construe a policy that protects charitable corporations from taxation as giving protection to these plaintiffs absent a specific constitutional or statutory enact *831 ment of that policy. Plaintiffs’ argument that the State has a public policy favoring the exemption from taxation of charitable institutions is thus irrelevant. There is no constitutional provision which provides a general exemption for charities from taxation. Rather, article XVI, § 1 of the NY Constitution grants protection from repeal by the Legislature of any exemption from tax granted by the Legislature. What plaintiffs must demonstrate is the existence of a statute by which an exemption from this specific tax is granted by the Legislature, not a “policy.”
In the case at bar, there is no exemption, created by a “general law,” the repeal of which is alleged or shown. The plaintiffs specify a number of taxes from which they are exempt and, in effect, urge the court to decide that the assessment — the gross receipts tax — at issue here is one of the taxes from which they are exempt. In each case, however, the nature of the tax is distinguishable. Taxes are levied on specifically described property, persons, or transactions. The specific definition both limits and identifies the tax, and the mere identity of economic effect caused by payment does not make one defined tax actually another. An income tax is not transmuted into a property tax because the taxpayer winds up with less property after having paid the tax. A gross receipts tax doesn’t become an income tax because one’s net economic income is reduced by payment of the tax.
The tax herein is not a franchise tax: it does not tax corporate profits. It is not a sales tax: it does not tax the purchaser of goods or services on the purchase. It is not an income tax: it does not tax “income,” the residue of receipts over expenses properly chargeable to its production; “receipts” are merely an inflow of money, and only produce “income” if sufficient to exceed the costs of getting it. It is a tax that the plaintiffs paid without protest in a lesser amount in various percentages from 1990 through expiration prior to the adoption of this statute. (Public Health Law § 2807-d [2] [b]; L 1990, ch 938; L 1992, ch 41.)
The plaintiffs, having failed to specify any tax exemption rooted in a general law which is effectively repealed by section 2807-d (2) (b) (vi) of the Public Health Law, the provision complained of, cannot satisfy their prima facie burden, and thus have not established beyond a reasonable doubt that the assessment violates the no repealer provision of article XVI, § 1 of the New York State Constitution (Cook v City of Binghamton, supra).
*832 Thus, the constitutional validity of section 2807-d (2) (b) (vi) of the Public Health Law is upheld, summary judgment for the defendant is granted on all causes of action, and the complaint is dismissed.

. “(vi) Notwithstanding any contrary provision of this paragraph or any other provision of law or regulation to the contrary, for residential health care facilities the assessment shall be six percent of each residential health care facility’s gross receipts received from all patient care services and other operating income on a cash basis for the period April first, two thousand two through March thirty-first, two thousand five * * *.”

. The parties’ memoranda of law are directed to be made part of the record herein.

. In view of the court’s determination that the plaintiffs failed in their prima facie showing of an exemption statute, the issue of whether the tax is on constitutionally protected property need not be, and is not, reached.