*278 OPINION OF THE COURT
Richard Lee Price, J.
Defendant was originally charged in criminal court with assault in the second degree, Penal Law § 120.05 (3), assault in the third degree, Penal Law § 120.00 (1), resisting arrest, Penal Law § 205.30, public lewdness, Penal Law § 245.00 (a), and disorderly conduct, Penal Law § 240.20 (1). Following a bench trial on August 10, 2005, I found the defendant guilty of attempted assault in the third degree, Penal Law §§ 110.00 and 120.00, a misdemeanor, and disorderly conduct, Penal Law § 240.20, a violation. On September 8, 2005, I sentenced Ms. J. to one year probation, plus successful completion of an anger management program to be set up through the Department of Probation.
Defendant now moves, pursuant to CPL 440.10 and 440.20, to have this court vacate her conviction and resentence her, after first adjudicating her a mandatory youthful offender. Counsel contends that CPL 720.20 (1) (b) requires that she be so adjudicated, and if I were to refuse to do so that would abrogate her equal protection rights, and constitute punishment in violation of the Ex Post Facto Clause of the United States Constitution.
The People oppose the motion to the extent of defendant’s constitutional arguments, but “do not oppose the defendant’s application for this Court to vacate Defendant’s sentence and re-sentence defendant as a mandatory youthful offender.” And in the People’s memorandum of law they argue that the defendant should be entitled to mandatory youthful offender treatment.
Discussion
CPL 720.10 makes every young person facing criminal charges, who is at least 16 but less than 19 when the crime was committed, eligible to be classified as a “youthful offender,” so long as the youth has not previously been adjudicated a youthful offender, nor adjudicated a juvenile delinquent following a finding that he or she had committed a felony specifically designated in the Family Court Act.[1] The benefit in being adjudicated a youthful offender (Y.O.) is that there is no convic *279 tion; a Y.O. adjudication may not be used to enhance the sentence for a future conviction, and the youth need not report the incident in the future if asked whether he or she had ever been convicted of a crime.
This defendant meets the statutory criteria for classification as a youthful offender. However, by the statute’s strict terms, because this case did not remain in the “local criminal court” (see CPL 720.20 [1] [b]), and is now in Supreme Court, whether or not to so adjudicate her is a matter of discretion for the court (see CPL 720.20 [1] [a]). Indeed, the position of the District Attorney’s office is only advisory upon the court.
“The well-recognized rule is that such adjudication rests within the sound discretion of the court and depends upon all of the facts and circumstances in the case (People v Rosati, 39 AD2d 592, 593). It is not an abuse of discretion to reject the recommendation of the District Attorney.” (People v Barlette, *280 83 AD2d 695, 696 [3d Dept 1981].)
Defendant disagrees, and points to the language in subdivision (1) (b) as applicable to her because, in addition to the fact that she was under the age of 19 at the time of the incident, the case was never presented to a grand jury, having originated in and remained pending in New York City Criminal Court at the time the sole felony charge was dismissed. Thereafter, there was a “merger” of the Bronx branch of the Criminal Court of the City of New York into Supreme Court, Bronx County, Criminal Term, so as to create an all new Supreme Court, Bronx County, Criminal Division for disposition of all felony and misdemeanor charges. However, counsel argues, but for the merger of Criminal Court into the new Criminal Division, defendant’s case would have been disposed of in the local court, thereby triggering the mandatory provision in subdivision (1) (b).
The authority for the creation of the Criminal Division is an administrative order promulgated by Chief Administrative Judge Jonathan Lippman, establishing the Criminal Division in Bronx Supreme Court, effective September 21, 2004. (See Rules of Chief Admin of Cts [22 NYCRR] part 142.) As counsel further argues, pursuant to those new rules, under the last section entitled Procedure upon transfer of a criminal case hereunder:
“Each case transferred from the Criminal Court of the City of New York to the Supreme Court and referred for disposition to the criminal division thereof pursuant to section 142.2 of this Part shall be subject to the same substantive and procedural law as would have applied to it had it not been transferred. An appeal taken from the trial court in such a case shall be taken to the same intermediate appellate court to which such appeal would have been taken had the case not been transferred hereunder.” (22 NYCRR 142.3.)
Clearly, the creation of the Criminal Division has spawned issues unique to the Bronx. Indeed, there have already been a slew of decisions addressing some of the special problems that have arisen. (See People v Resto, 6 Misc 3d 1040[A], 2005 NY Slip Op 50358[U] [Sup Ct, Bronx County 2005, Dawson, J.]; People v Gonzalez, 6 Misc 3d 1034[A], 2005 NY Slip Op 50291[U] [Sup Ct, Bronx County 2005, Benitez, J.]; People v Barrow, 6 Misc 3d 945 [Sup Ct, Bronx County 2005, Barone, J.]; People v Robinson, 6 Misc 3d 645 [Sup Ct, Bronx County 2004, Davidow *281 itz, J.]; see also People v Tim S., NYLJ, Feb. 25, 2005, at 20, col 1 [Sup Ct, Bronx County 2005, Lorenzo, J.].)
The last decision cited, People v Tim S., addressed precisely the same issue as is presented here, the conflict between the Criminal Procedure Law’s grant of discretion to Supreme Court justices to determine whether to confer the youthful offender status, and the new rule of the Chief Administrative Judge importing the procedures employed in the local criminal courts, here in contravention of the CPL. Justice Lorenzo concluded that the impasse could only be resolved by deferring to the legislative judgment expressed in the statute, thus rendering the rule advisory.
With all respect to my colleague, I am not prepared to go so far. I am mindful of his arguments and find them sound. However, I find persuasive the fact that the Legislature neither anticipated nor was it formally consulted on the creation of the Criminal Division. While that branch of government may now act if this situation becomes apparent enough to gain Albany’s attention, it is clear that the Legislature’s intent was to afford youthful offender status and its benefits unless there is an overriding reason not to. In this regard, Judge Gabrielli’s thoughtful decision for a unanimous Court of Appeals, in People v Drayton (39 NY2d 580 [1976]), remains instructive. Noting the difference between local criminal courts, which may only try cases up to the misdemeanor level, and superior courts such as Supreme Court, he wrote:
“In light of this jurisdictional underpinning, it becomes clear that the classification in CPL 720.20 is based on the gravity of the crime with which a youth is charged. Viewing the distinction as one resting upon the gravity of the crime charged, we are of the opinion that there is a rational basis for distinguishing between a youth accused of a felony and one charged with a misdemeanor. The seriousness of the crime charged in a Grand Jury indictment for a felony offense, considered in conjunction with the defendant’s prior record or behavior, is of significant bearing upon the question whether youthful offender status should be afforded to a particular individual.” (Id. at 585 [emphasis supplied].)[2]
Because the Chief Administrative Judge’s rule has done away with the *282 jurisdictional distinction, albeit for the neutral purpose of making the disposition of criminal cases more efficient in the Bronx, the Legislature’s true intent would be thwarted by literal adherence to the statute’s scheme. Accordingly, the defendant’s motion is granted and I will resentence the defendant as a mandatory youthful offender. Given this resolution, there is no necessity of reaching defendant’s remaining constitutional arguments.

. The statute at issue reads, in its entirety, as follows:
“[CPL] § 720.20 Youthful offender determination; when and how made; procedure thereupon
*279 “1. Upon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender. Such determination shall be in accordance with the following criteria:
“(a) If in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years, the court may, in its discretion, find the eligible youth is a youthful offender; and
“(b) Where the conviction is had in a local criminal court and the eligible youth had not prior to commencement of trial or entry of a plea of guilty been convicted of a crime or found a youthful offender, the court must find he is a youthful offender.
“2. Where an eligible youth is convicted of two or more crimes set forth in separate counts of an accusatory instrument or set forth in two or more accusatory instruments consolidated for trial purposes, the court must not find him a youthful offender with respect to any such conviction pursuant to subdivision one of this section unless it finds him a youthful offender with respect to all such convictions.
“3. Upon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding; and the court must sentence the defendant pursuant to section 60.02 of the penal law.
“4. Upon determining that an eligible youth is not a youthful offender, the court must order the accusatory instrument unsealed and continue the action to judgment pursuant to the ordinary rules governing criminal prosecutions.”

. Turning to the equal protection claim there presented, Judge Gabrielli went on:
*282 “There is no invidious discrimination involved in a legislative decision that those individuals who, on preliminary investigation, are believed to have committed felonies should not automatically be endowed with the benefit of youthful offender status and that in these cases youthful offender status should be conferred only in the court’s discretion upon due consideration of the youth’s background and prior history of involvement with the law. Furthermore, it was also proper for the Legislature to have decided that, in the interests of judicial economy, it was not necessary to require a time-consuming investigation for the purpose of determining youthful offender eligibility in misdemeanor cases where the criminal act charged is not as serious as in the case of felonies.” (Id. at 585-586.)